LESTER v. PARK.    (No. 1369.)

(Court of Civil Appeals of Texas. Amarillo. June 12, 1918. Rehearing Denied Oct. 9, 1918.)

1. PARTNERSHIP ⬤⟞120 — AGAINST SILENT PARTNER—CROSS-PETITION.

In an action against a partner, the latter's cross-petition to enforce a settlement and fix liability of a silent partner, alleging existence of partnership and that firm assets have all been disposed of, *held* sufficient, if true, to entitle partner to such relief.

2. APPEAL AND ERROR ☞880(2)—RIGHT TO ALLEGE ERROR—PLEADING—CROSS-ACTION.

Where defendant brings a cross-action against a third party and the latter alone appeals from a judgment for plaintiff against defendant and for defendant against such third party, the third party cannot complain of the overruling of plaintiff's exception to the answer interpleading the third party.

3. APPEAL AND ERROR ☞1050(1)—HARMLESS ERROR—DOCUMENTARY EVIDENCE.

In an action where the issue was as to the existence of a partnership between defendant and a third party against whom he brought a cross-action, the latter was not prejudiced by the introduction of an unsigned written agreement of partnership, where defendant testified as to the truth of the different matters mentioned therein and that the third party had promised to sign it if a certain debt was paid; the debt having been paid.

4. APPEAL AND ERROR ☞1050(1)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

To require an alleged partner to testify with reference to unconnected transactions with other parties *held* prejudicial, where existence of partnership was positively denied.

Appeal from District Court, Randall County; Hugh L. Umphres, Judge.

Suit by the First National Bank of Canyon against D. A. Park, who answered by general denial and by cross-action against L. T. Lester. There was a judgment in favor of the bank against Park and in favor of Park against Lester, and the latter appeals. Affirmed in part, and reversed and remanded in part.

Kimbrough, Underwood & Jackson, of Amarillo, for appellant. B. Frank Buie, of Canyon, for appellee.

HALL, J. The First National Bank of Canyon sued D. A. Park upon a note for the sum of $2,440.50, dated July 17, 1913, with the usual provisions for 10 per cent. interest and attorney's fees. Park answered by general denial, and by cross-action sought to recover against appellant Lester; the allegation in this particular being, in substance: that about December 1, 1908, Park and Lester entered into a partnership to purchase two sections of land in Swisher county. That on December 11, 1908, a contract was made in the name of D. A. Park to purchase said land for the sum of $15,680, to be paid $4,000 cash, and the remainder in five equal annual installments with 8 per cent. interest. That under the terms of their agreement Park and Lester were equally responsible for the purchase money and were to share equally in the profits and losses, but that the business was to be conducted in the name of Park. That prior to the purchase of said land the bank, through its officers and directors, agreed and promised to advance the $4,000 necessary to make the cash payment and take the note of D. A. Park with 10 per cent. interest for that amount. That said bank further agreed to take care of the five annual payments as they became due and to pay taxes on the land until all or a part of said land could be sold. That in accordance with the agreement Park purchased the land and executed his notes for the deferred payments. The bank advanced the $4,000 and took Park's note for said sum. That said bank continued to advance the money needed and took the note of Park for such money with 10 per cent. interest thereon until half of one of said sections was sold on June 7, 1909, to one Ark for $7,270 gross, out of which amount the bank was paid as far as it was practicable to do so. That thereafter Lester and Park were unable to sell the remaining section and a half, and suit was brought on the notes made by Park to the owners' thereof for a balance due, at which time the value of the remaining lands was much less than the amount of the notes against it. In order to avoid having a judgment against Park, it was mutually agreed by the bank, Lester, Park, and the holder of the purchase-money notes, that Park should reconvey the lands to the holder of the notes, and in consideration of such reconveyance all indebtedness for purchase money should be canceled. That Park made such reconveyance in accordance with their agreement, thus canceling all of the partnership indebtedness except the amount due to the bank. That in the final adjustment of the partnership between Lester and Park there was a loss of $4,480. That Park paid one-half of said loss, leaving the note sued upon unpaid. That, as between Lester and Park, the former owes all of the note sued upon. That the bank had notice through its officers and directors of the existence of the partnership at all times, and was interested in the same to the extent of loaning the said $4,000 and of making the other necessary loans to said partnership as per the prior mutual agreement between the parties. That the compromise of the suit filed to recover upon the original purchase-money notes in no way affected the note for $2,440, sued on herein. Park prayed that he have judgment over against Lester for such an amount as the bank should recover against him. The bank filed a supplemental petition, urging certain demurrers and exceptions to the answer of Park, denied any agreement on its part to furnish money to the partnership or any knowledge of the partnership, and denied that it entered into any agreement to hold Lester for said note or any part thereof. Appellant Lester answered by adopting as his own the general demurrers and exceptions of the plaintiff bank, filed a general denial, a denial of the partnership under oath, and interposed the statute of four years' limitation. The court peremptorily instructed the jury to find for the bank against Park for the sum of $3,727.74, with interest, attorney's fees, and costs, and submitted to the jury certain special issues in reply to which they found that Lester and Park agreed as partners to purchase two sections of land de-

scribed in the petition, and that upon a settlement of the partnership affairs Lester was due Park the sum of $2,978.87. Upon the issue of limitation, they further found that Lester did not at any time within four years before July 31, 1917, deny the partnership or his liability in connection with the purchase of the land. In accordance with this verdict, judgment was entered. Lester alone appeals. The judgment in favor of the bank against Park will be affirmed.

[1] It is contended under the first assignment that the pleadings are insufficient to entitle Park to any relief. His cross-petition alleges the existence of the partnership for the purchase of the two sections of land, and shows that the partnership assets have all been disposed of by the compromise resulting in a reconveyance of the land to the purchaser. The cross-action is brought to enforce a settlement and fix the liability of Lester for the note sued on, and his allegations, if true, entitled him to the relief sought. The second proposition under this assignment is that the evidence offered by Park was so uncertain and indefinite as to be wholly insufficient to authorize the jury to render a verdict thereon. We have reviewed Park's testimony, together with that of Powell, taking into consideration the statement from the bank books, and confess our inability to see how the amount which the jury found Park was entitled to recover against Lester was obtained, and the uncertainty of Park with reference to some of the transactions testified about leave the amount due in some doubt. Neither the appellant nor appellee has given us the benefit of their construction of this testimony, and we are inclined to sustain this assignment.

[2] Appellant insists that the court erred in overruling the bank's special exception to the answer of Park because the same seeks to interplead Lester and litigate matters in which the bank is in no way interested. If we should admit that the exception was proper, it could not result in reversing the judgment, as the bank was not injured by the action of the court in overruling it. The trial of the case was not delayed, and the bank has its judgment for the full amount of its claim against Park, from which Park does not appeal.

[3] Over the objection of appellant, Park was permitted to introduce an unsigned writing reciting the purchase of the two sections of land by Park and Lester; that they were deeded to Park, for which he executed his notes; that the parties were equally interested in the land; that Lester was responsible for half of the purchase-money notes; that $4,000 had been borrowed from the First National Bank of Canyon to make the cash payment for which Park had executed his note to the bank. The writing further recites the sale of half of one of the sections for a profit of $1,564, which had not been applied on the note to the bank; that Park had executed a deed of trust on the land, in which was included some of his personal estate to secure the bank, and concluding as follows:

"Therefore it is agreed between said Lester and Park that said Lester is responsible to said bank and Park for his half of the $3,996.40 above mentioned."

Park testified with reference to this instrument that on December 1, 1908, a partnership was entered into between them; that about the 27th day of April, 1911 he drew up the instrument and presented it to Lester, who said he would not sign it until after the $1,600 was paid in; that the $1,600 was afterwards paid and the paper again presented to Lester; that Lester looked it over and made no objection to the form of the contract at the time. He stated that he would pay if Park would pay the $1,600 back, but never signed the note. Lester testified that he never saw the writing until it was presented by Park on the witness stand. While it is true that Lester refused to sign the instrument, when taken in connection with Park's statement that the amounts mentioned in the writing were correct, and Lester had said that he would sign it if the $1,600 profit which Park had derived from the sale of the half section of the land was paid into the bank, we think the court did not commit reversible error in admitting it.

[4] While appellant was on the witness stand, he was required by the court to testify with reference to certain transactions and agreements between him and other parties under which certain lands were bought in Cochran county and in which Lester was interested as a partner with other parties. He was asked generally whether or not he was, during the year 1909, as record owner or as silent partner, interested in as much as 100,000 acres of land in the Panhandle. It is not shown that these transactions were connected in any way with the partnership between Park and Lester, and, since Lester denied positively the existence of the partnership out of which this suit arose, we think this testimony was prejudicial.

Affirmed in part, and reversed and remanded in part.

HUFF, C. J., not sitting, being absent in Austin, serving on Committee of Judges passing on writs of error for Supreme Court.